**HUB AUTO SUPPLY, INC.,**

v.

**AUTOMATIC RADIO MFG. CO., Inc.**

**Civ. A. No. 57-1000.**

United States District Court
D. Massachusetts.

May 22, 1959.

Louis Winer, Boston, Mass., for plaintiff.

Jackson J. Holtz, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an antitrust action brought under the provisions of the Sherman and Clayton Antitrust Acts, 15 U.S.C.A. §§ 1, 2 and 15, in which defendant has moved for judgment on the pleadings.

The complaint alleges that plaintiff is a corporation engaged in the business of distributing automotive accessories, shipping merchandise to every state in the Union, and defendant a corporation which manufactures radios for automobiles. It is alleged that plaintiff was a distributor of automobile radios manufactured by defendant from 1950 until 1957, when defendant informed plaintiff that its new line of radios (but not the existing models) would not be available to plaintiff as a distributor, and that defendant has since refused to honor plaintiff's orders for new models of radios. It further alleges that defendant has joined, conspired and combined with Arnco Auto Supply Co. and Ellis, Inc., plaintiff's principal competitors, to prevent plaintiff from servicing customers it has acquired over a period of years, and that the principal objective of the combination is to restrict plaintiff in its trade and competition with others.

Defendant argues that because defendant has a right to select the parties with whom he will deal, United States v. Colgate & Co., 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992, or even to grant an exclusive distributorship, Packard Motor Car Co. v. Webster Motor Car Co.,

100 U.S.App.D.C. 161, 243 F.2d 418, the allegations of the complaint do not state any cause of action under the antitrust laws. However, the complaint alleges not merely a refusal to deal with plaintiff, but also that that refusal was in furtherance of a conspiracy between defendant and plaintiff's competitors to restrict competition by plaintiff. As the Colgate case itself points out, the right to select one's customers is not an absolute right. Its use as an instrument in the furtherance of a conspiracy denounced by the antitrust laws brings it within the ban of those laws. Lorain Journal Co. v. United States, 342 U.S. 143, 155, 72 S. Ct. 181, 96 L.Ed. 162. The charge here is that defendant conspired to restrict competition by plaintiff. Defendant cannot avoid the charge by saying that what it did in furtherance of the conspiracy was something which apart from the conspiracy it might have been free to do.

Defendant points out numerous violations of the antitrust laws which the complaint does not allege. It is enough that it charges a combination or conspiracy for one of the purposes denounced by the law, the restraint of trade by the restriction of plaintiff's ability to compete in the automobile radio market by continuing to offer its customers defendant's products. Defendant argues that plaintiff can still sell radios of other manufacturers, that the automobile radio business is a highly competitive one, and there is no basis for any inference that the action of defendant and its alleged co-conspirators would reduce the supply of radios available to the public, increase the price of radios, or otherwise work to the detriment of the public. In the light of the decision in Klor's, Inc. v. Broadway-Hale Stores, Inc., 359 U.S. 207, 79 S.Ct. 705, 3 L.Ed.2d 741, this argument must be rejected. There several manufacturers and distributors conspired with a single competitor of plaintiff either not to sell to plaintiff or to sell only on unfavorable terms. The conspiracy alleged here is similar in nature. It may not be so severe in its effects since it involves only a single manufacturer and two competitors of plaintiff, but its tendency is the same. It destroys plaintiff's ability to compete for customers for defendant's products, and thus drives it out of business as a dealer in these products, at least as to current models. Hence it tends to interfere with the natural flow of interstate commerce and violates the act even though there may be no public injury in the sense that destruction of plaintiff's business may make little difference to the economy as a whole.

It cannot be held that the present complaint fails to state any claim under the antitrust laws, and defendant's motion for judgment on the pleadings must be denied.